IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:21-cv-00074-MR

| MAURICE CORNELIUS BLACKBURN, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| N. TEAGUE, et al., | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 11]. The Plaintiff is proceeding *in forma pauperis.* [Doc. 8].

## I.  BACKGROUND

The *pro se* Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Alexander Correctional Institution. The Plaintiff named as Defendants: N. Teague, FNU Deal, and FNU Smith, who are "floor officers" at Alexander CI. [Doc. 1 at 3]. On September 13, 2021, the Court entered an Order on initial review allowing the claims of unconstitutional conditions of confinement to proceed, dismissing the remaining claims without prejudice, and granting the Plaintiff

thirty days to amend. [Doc. 9]. The Amended Complaint is now before the Court on initial review.

The Plaintiff names the same three Defendants in their individual and official capacities. In his Amended Complaint, the Plaintiff again alleges that he was left unsupervised in four-point restraints for an extended period of time without access to a bathroom. [Doc. 11 at 5; 11-1 at 1]. The Plaintiff further alleges that Defendant Teague ignored Plaintiff's "mental health request and medical treatment." [Doc. 11 at 5]. As injury, the Plaintiff states: "I sustained constipation [sic], and declared medical emergency for dizziness, headaches, due to inhaling toxic fumes, no medical treatment was given to me. I also advised medical I had reptum [sic] pain." [Id.]. The Plaintiff seeks compensatory and punitive damages. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

#### A. Parties

The body of the Amended Complaint contains allegations against several individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders the Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who

3

were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

The Plaintiff also purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

### B. Conditions of Confinement

The Plaintiff complains that he was left unsupervised in four-point restraints for an extended period of time without access to a bathroom.

The Constitution "does not mandate comfortable prisons, ... but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832

4

(1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). To be sufficiently serious, the deprivation must pose a "serious or significant physical or emotional injury resulting from the challenged condition," or a "substantial risk of serious harm resulting from ... exposure to the challenged conditions." Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (quoting De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003)).

Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, he has stated an Eighth Amendment claim against Defendants Teague, Deal, and Smith regarding the conditions of his confinement. This claim has survived initial review.

### C. Deliberate Indifference to a Serious Medical/ Mental Need

The Plaintiff appears to allege that Defendant Teague ignored the Plaintiff's requests for mental health and medical treatment.

5

The Eighth Amendment encompasses a right to medical care for serious medical needs, including psychological needs. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852. Further, "mere '[d]isagreements between an inmate and a physician over the inmate's proper medical care' are not actionable absent exceptional circumstances."

6

Scinto, 841 F.3d at 225 (quoting Wright v. Collins, 766 F.2d 841, 840 (4th Cir. 1985)).

The conditions the Plaintiff has identified are not sufficiently serious medical or mental health needs to support a deliberate indifference claim. Accordingly, the Plaintiff's claim that Defendant Teague was deliberately indifferent to a serious mental health or medical need is dismissed without prejudice.

## IV. CONCLUSION

In sum, the Plaintiff's claim for unconstitutional conditions of confinement has passed initial review against Defendants Teague, Deal, and Smith. The remaining claims are dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The claim against Defendants Teague, Deal and Smith has passed initial review for unconstitutional conditions of confinement in their individual capacities.

2. The Plaintiff's claims against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE**.

3. The remaining § 1983 claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Teague, Deal, and Smith, who are alleged to be current or former employees of NCDPS.

**IT IS SO ORDERED.**

Signed: October 27, 2021

Martin Reidinger
Chief United States District Judge