# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:21-cv-00074-MR

| | |
|---|---|
| MAURICE CORNELIUS BLACKBURN, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>N. TEAGUE, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendants Nicholas P. Teague, Rena M. Deal, and Shannon G. Smith's[1] Motion to Deem Waivers of Service of Summons Timely Filed [Doc. 16].

This civil rights action was filed by the incarcerated Plaintiff pursuant to 42 U.S.C. § 1983. The Amended Complaint passed initial review for unconstitutional conditions of confinement. [See Doc. 12]. On October 28, 2021, the Court transmitted a Request for Waiver of Service as to the Defendants to the North Carolina Department of Public Safety ("NCDPS"). [Doc. 13]. The service waivers were due by December 28, 2021.

---

[1] The Plaintiff refers to the Defendants as "N. Teague," "FNU Ms. Deal," and "Mr. Smith," respectively, in the Amended Complaint. [Doc. 11 at 1]. The Clerk of Court will be instructed to correct the Court record to reflect the Defendants' correct names.

On January 11, 2022, NCDPS filed service waivers for Defendants Teague, Deal, and Smith. [Doc. 16 at 5-7]. NCDPS explains that the failure to file timely service waivers was due to an administrative oversight and excusable neglect, and was outside the Defendants' control. [Id.]. NCDPS requests an additional 45 days to complete its investigation into whether it will provide a defense to Defendants, and to allow an attorney to appear or file a responsive pleading. [Id.]. The Plaintiff has not filed a response to the Motion, and the time to do so has expired. See LCvR 7.1(e).

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires consideration of equitable factors such as "danger of prejudice … the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993).

The Motion will be granted for good cause shown. NCDPS has demonstrated that the failure to timely file the service waivers and brief delay was an administrative oversight and was not the fault of the Defendants. Accordingly, the Motion will be granted and Defendants' service waivers

2

Case 5:21-cv-00074-MR   Document 17   Filed 02/10/22   Page 2 of 3

[Doc. 16 at 5-7] will be accepted as timely filed. The Defendants shall have until February 25, 2022 to answer or otherwise respond to the Amended Complaint.

**IT IS, THEREFORE, ORDERED** that Defendants Nicholas P. Teague, Rena M. Deal, and Shannon G. Smith's Motion to Deem Waivers of Service of Summons Timely Filed [Doc. 16] is **GRANTED**. The Defendants shall have until February 25, 2022 to answer or otherwise respond to the Amended Complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to correct the Defendants' names in the Court record to reflect that: Defendant "N. Teague" is Nicholas P. Teague; "FNU Ms. Deal" is Rena M. Deal; and "Mr. Smith" is Shannon G. Smith.

**IT IS SO ORDERED.**

Signed: February 10, 2022

Martin Reidinger
Chief United States District Judge