# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:21-cv-00074-MR

| | |
|---|---|
| MAURICE CORNELIUS BLACKBURN, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NICHOLAS P. TEAGUE, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Deem Answer Timely Filed [Doc. 23].

This civil rights action was filed by the incarcerated Plaintiff pursuant to 42 U.S.C. § 1983. The Amended Complaint passed initial review on claims against Defendants Rena M. Deal, Shannon G. Smith, and Nicholas P. Teague for unconstitutional conditions of confinement. [See Doc. 12].

On October 28, 2021, the North Carolina Department of Public Safety (NCDPS) filed a service waiver for the Defendants [Doc. 13], and the Court granted Defendants' Motion to deem the waivers timely filed [Doc. 17]. On March 16, 2022, the Court granted Defendants an extension of time, until April 26, 2022, to answer the Amended Complaint. [Doc. 19]. On May 5,

2022, the Court ordered the Plaintiff to take further action to prosecute the case within 14 days. [Doc. 20]. On May 10, 2022,[1] the Plaintiff filed a Letter stating that he does wish to continue prosecuting the case and requesting a $15,000 settlement. [Doc. 21]. The Defendants filed their Answer and the instant Motion on May 16, 2022. [Docs. 22, 23]. Counsel for the Defendants explains that his failure to file a timely Answer was due to an administrative oversight, his illness with COVID-19, and understaffing; that there is good cause to grant the Motion; and that granting the Motion will not prejudice the Plaintiff or negatively impact the proceedings. [Doc. 24]. The Plaintiff has not responded, and the time to do so has expired.

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires consideration of equitable factors such as "danger of prejudice . . . the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993).

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

2

Case 5:21-cv-00074-MR   Document 25   Filed 06/17/22   Page 2 of 3

The Defendants' Motion will be granted for good cause shown. Counsel has demonstrated that the failure to timely file an Answer on Defendants' behalf was due to counsel's illness and an administrative oversight, and was not the fault of the Defendants. Further, the Court finds that the Plaintiff will not be prejudiced, and that granting the Motion will not unduly delay these proceedings. Accordingly, the Motion will be granted and the Defendants' Answer [Doc. 22] is accepted as timely filed.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Deem Answer Timely Filed [Doc. 23] is **GRANTED**.

**IT IS SO ORDERED.**

Signed: June 17, 2022

Martin Reidinger
Chief United States District Judge